UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIAH LYNN WHYNOT,

    Plaintiff,

v.                                        Case No: 8:23-cv-2242-CEH-JSS

TAYLOR HATCH,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Mariah Lynn Whynot, proceeding pro se, filed a motion for removal to federal court of criminal proceedings brought against her in state court (Dkt. 1) and a motion to proceed in forma pauperis in this matter (Dkt. 2). For the following reasons, the court recommends that Plaintiff's motions be denied and this matter be remanded to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, State of Florida in accordance with 28 U.S.C. § 1455.

## APPLICABLE STANDARDS

Pursuant to 28 U.S.C. § 1915, the court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). When considering a motion filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted). "[A]n

affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* As such, a court may not deny an in forma pauperis motion "without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08).

Further, when a party seeks leave to proceed in forma pauperis, the court must review the case and dismiss it on its own accord if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The court construes pleadings drafted by pro se litigants liberally, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); however, they must still "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

## ANALYSIS

Upon review of Plaintiff's motion to proceed in forma pauperis (Dkt. 2), it appears that she may be able to proceed in forma pauperis in this matter. However, upon consideration of Plaintiff's motion for removal (Dkt. 1), the court finds that Plaintiff has failed to establish the court's removal jurisdiction over this matter and recommends that the matter be remanded to state court.

Federal district courts have removal jurisdiction over certain cases pending in state court pursuant to 28 U.S.C. § 1443. Section 1443 provides that:

> "[a]ny of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. A defendant may therefore "remove a criminal prosecution initiated in state court if the defendant 'is denied or cannot enforce . . . a right under any law providing for the equal civil rights of citizens of the United States' in state court." *Cave v. Fla.*, 814 F. App'x 555, 555 (11th Cir. 2020) (citing 28 U.S.C. § 1443(1)). The United States Supreme Court holds that the phrase "'any law providing for . . . equal civil rights' refers to laws 'providing for specific civil rights stated in terms of racial equality,' and does not include rights of 'general application available to all persons or citizens.'" *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)); *accord Georgia v. Daker*, 853 F. App'x 514, 516 (11th Cir. 2021). To establish removal jurisdiction under 28 U.S.C. § 1443(1), a plaintiff must satisfy the two-pronged test articulated by the Supreme Court in *Georgia v. Rachel*. *Conley*, 245 F.3d at 1295; *accord Cave*, 814 F. App'x at 555. First, the plaintiff must show that the right upon which she relies "arises under a federal law 'providing for specific civil

rights stated in terms of racial equality.'" *Conley*, 245 F.3d at 1295 (citing *Rachel*, 384 U.S. at 792). Second, the plaintiff must show that she "has been denied or cannot enforce that right in the state courts." *Id.*

Removal of a criminal prosecution under § 1443 must also follow the procedure in 28 U.S.C. § 1455. *See United States v. Belc*, No. 22-12558, 2023 WL 6232474, at *1 (11th Cir. Sept. 26, 2023). Under § 1455, a criminal defendant must file a notice of removal in the district court and division "within which such prosecution is pending . . . not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier" except on good cause shown. 28 U.S.C. § 1455(a), (b)(1). The district court in which the notice is filed must promptly examine the notice and "[i[f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

In her motion for removal, Plaintiff seeks to remove criminal proceedings brought against her in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County. (Dkt. 1.) Plaintiff states that she has been informed that these criminal charges have been dismissed, but that she has not received the actual order dismissing the charges. (*Id.* at 1–2.) Plaintiff's motion asserts five grounds for removal, including that she was denied due process rights guaranteed by the Fifth and Fourteenth Amendments due to her status as an adult with a disability and the ineffective assistance of her counsel; that she was unjustly detained in violation of the Eighth

Amendment pursuant to 42 U.S.C. § 1983; that a trial court order was null and void due to error; and that there exists a conflict of interest with the handling of her case by the Florida Agency for Persons with Disabilities. (*Id.* 7–23.) Plaintiff argues that "[i]t is the right of every citizen, regardless of whether they suffer from a developmental or intellectual disability, to be presented with a copy of the actual Indictment, guilty verdict, acquittal, or dismissal of the criminal charge(s) against them" and that her rights were infringed through the ineffective assistance of her counsel and other actions by the trial court. (*Id.* at 10–11.) Plaintiff also argues that the state court's release of Plaintiff from custody on a recognizance bond to a "group home" while her criminal charges were pending was a violation of her Eighth Amendment rights and that the Florida Agency for Persons with Disability improperly confined her in violation of Florida law. (*Id.* at 12–24.)

Upon consideration, the court finds that Plaintiff's motion for removal is procedurally deficient and fails to establish the court's removal jurisdiction. Initially, Plaintiff states that the criminal charges against her have been dismissed (Dkt. 1 at 1) and thus it is not clear whether those proceedings remain "pending" such that they could be removed to this court. *See* 28 U.S.C. § 1455 (requiring notice of removal to be filed in federal district court and division "within which such prosecution is pending"). Moreover, Plaintiff references the procedural history of this matter in a habeas petition filed in *Whynot v. Secretary, Fla. Dep't of Corr.*, No. 8:20-cv-918-TPB-CPT (M.D. Fla.), which indicates that criminal proceedings against Plaintiff began in

2020. *Id.* at ECF No. 1; *see* (Dkt. 1 at 6–7.) Plaintiff therefore filed her notice of removal at least three years after her arraignment, "well outside the thirty-day limit," and she has not argued any good cause for the delay. *See Belc*, 2023 WL 6232474, at *1; *Franklin v. Fla.*, No. 5:22-cv-111-BJD-PRL, 2022 WL 1210750, at *2 (M.D. Fla. Apr. 25, 2022) (dismissing case and remanding to state court where "[n]ot only has Petitioner failed to properly invoke this Court's jurisdiction under § 1443(1), his notice of removal is untimely").

Plaintiff's motion for removal also fails to establish the court's removal jurisdiction pursuant to 28 U.S.C. § 1433 under both prongs of *Rachel*. First, Plaintiff's motion does not seek to vindicate a federal right "stated in terms of racial equality." *Conley*, 245 F.3d at 1295. Plaintiff "cannot satisfy the first prong of [*Rachel*'s] test through reliance on generally applicable rights that are available to all persons or citizens because § 1443 is narrowly focused, applying 'only to rights that are granted in terms of equality and not to the whole gamut of constitutional rights.'" *Cave*, 814 F. App'x at 556 (quoting *Rachel*, 384 U.S. at 792). The Eleventh Circuit has repeatedly affirmed that removal under § 1443 is improper where removal petitions assert generally applicable rights similar to those asserted by Plaintiff here. *See, e.g.*, *Belc*, 2023 WL 6232474, at *1–2 ("A defendant's 'right to a fair trial and equal protection of the laws and his rights under 42 U.S.C. § 1983 do not arise from legislation providing for specific civil rights in terms of racial equality.'") (quoting *Conley*, 245 F.3d at 1295); *Cave*, 814 F. App'x at 557 ("Cave did not properly assert reliance on

any specific civil right under federal law 'stated in terms of racial equality' – indeed, neither her Notice of Removal nor appeal mention her race or make any assertions of race-based discrimination, and neither the state courthouse nor the location where she was arrested were public accommodations for purposes of any reliance on the Civil Rights Act of 1964."); *Doerun Mun. Ct. Inc. v. Bey*, 814 F. App'x 559, 560 (11th Cir. 2020) ("These rights do not include rights that are of 'general application available to all persons or citizens' such as the Equal Protection Clause or 42 U.S.C. § 1983."); *Nat'l City Bank v. Bedasee*, 708 F. App'x 641, 642 (11th Cir. 2018) ("The Supreme Court has specifically held that neither the Due Process Clause of the Fourteenth Amendment nor 42 U.S.C. § 1983 can be the basis for removal jurisdiction under § 1443(1)[.]"); *Ashment v. McCarthy*, 697 F. App'x 679, 680–81 (11th Cir. 2017) ("[T]his Court has explicitly held that the protections conferred by § 1443 do not extend to general due process, equal protection, and judicial bias claims or other rights that are 'of general application available to all persons or citizens.'"); *State v. Weber*, 665 F. App'x 848, 851–52 (11th Cir. 2016) ("While [defendant] broadly claims that the criminal prosecution violated various constitutional provisions, his allegations were not based on violations of racial equality and were thus insufficient to support removal under § 1443(1)."). Plaintiff's motion for removal references her status as a "vulnerable adult" with "developmental" and "intellectual disabilities," but nowhere mentions her race or race-based discrimination nor does Plaintiff seek to vindicate any rights that are stated in terms of racial equality. *See* (Dkt. 1 at 7–23.) Accordingly,

Plaintiff has failed to establish this court's removal jurisdiction of her criminal prosecution pursuant to 28 U.S.C. § 1443.

Plaintiff's motion for removal also fails to establish jurisdiction under *Rachel*'s second prong. To establish removal jurisdiction, Plaintiff must show that she "has been denied or cannot enforce [her] right[s] in the state courts," which "must generally be 'manifest in a formal expression of state law.'" *Belc*, 2023 WL 6232474, at *2 (quoting *Conley*, 245 F.3d at 1296). In her motion for removal, Plaintiff argues that she has been unable to secure her rights in the state trial court because of her disabilities and that due to her ineffective assistance of counsel, she did not receive orders of the trial court in time to appeal them. (Dkt. 1 at 10–11.) However, Plaintiff has not established an inability to pursue vindication of her rights or remedy any ineffective assistance of her counsel in the state courts, especially in light of the apparent dismissal of the charges against her. *See, e.g.*, *Pridgeon v. Fla.*, No. 3:16-cv-473-J-34PDB, 2016 WL 5844154, at *5 (M.D. Fla. June 20, 2016) (recommending remand of removal petition where plaintiff argued in part the ineffectiveness of his state trial counsel), *report and recommendation adopted,* 2016 WL 5719351 (M.D. Fla. Oct. 3, 2016). "Charges 'that the defendant is unable to obtain a fair trial in a particular state court are insufficient to support removal under § 1443(1).'" *Belc*, 2023 WL 6232474, at *2 (quoting *Conley*, 245 F.3d at 1298–99). Plaintiff has thus failed to establish that she cannot enforce her rights in state courts as required to establish this court's jurisdiction under § 1443. *See, e.g.*, *Daker*, 853 F. App'x at 518 ("[S]ection 1443(1) removal is

improper where 'any denial of federal rights that might come to pass as the proceedings progressed could be redressed by direct review of the federal claims by the state appellate court and the United States Supreme Court or in other proceedings designed to remedy claims of unfair proceedings, denial of equal protection, and rights protected under [42 U.S.C. section 1983].'"); *Bey*, 814 F. App'x at 560 ("It is not enough for the defendant 'to allege or show that the defendant's federal equal rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court.'") (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 827 (1966)); *Weber*, 665 F. App'x at 852 ("Weber's allegations that the state court wrongfully obtained his underlying conviction and that the district court ignored his constitutional arguments do not confer removal jurisdictions, which is presumptively limited."); *State of Fla. v. Cannie*, No. 3:20-cv-1355-J-20PDB, 2020 WL 13825290, at *6 (M.D. Fla. Dec. 11, 2020) ("Because removal is improper and this Court lacks subject-matter jurisdiction to preside over the pending state criminal action, I recommend remand to the state court."), *report and recommendation adopted sub nom. Fla. v. Cannie*, 2021 WL 11636698 (M.D. Fla. Jan. 13, 2021).

Accordingly, it is **RECOMMENDED** that:

> 1. Plaintiff's Motion to Proceed In Forma Pauperis (Dkt. 2) be **DENIED**.

2. Plaintiff's Motion for Removal (Dkt. 1) be **DENIED** and this matter be remanded to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida in accordance with 28 U.S.C. § 1455.

**IT IS SO REPORTED** in Tampa, Florida, on October 25, 2023.

                                                            _____
                                                            JULIE S. SNEED
                                                            UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has 14 days after being served with a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions.  *See* 28 U.S.C. § 636(b)(1).  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Charlene Edwards Honeywell
Unrepresented Party