UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIAH LYNN WHYNOT,

    Plaintiff,

v.      Case No: 8:23-cv-2242-CEH-JSS

TAYLOR HATCH,

    Defendant.

## ORDER

This cause comes before the Court on the Report and Recommendation issued by Magistrate Judge Julie S. Sneed on October 25, 2023 (Doc. 6). In the Report and Recommendation, Magistrate Judge Sneed recommends that Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. 2) be denied. The Magistrate Judge further recommended that Plaintiff's Motion for Removal (Doc. 1) be denied and this matter be remanded to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida in accordance with 28 U.S.C. § 1455. Plaintiff was provided a copy of the Report and Recommendation and afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). After being granted an extension of time, Plaintiff filed Objections to the Report and Recommendation on December 19, 2023. Doc. 9. Upon consideration of the Report and Recommendation, Plaintiff's Objections, and upon this Court's independent examination of the file, it is determined that the Report and Recommendation should be adopted.

I.  **BACKGROUND**

On October 2, 2023, Plaintiff Mariah Lynn Whynot ("Whynot") filed a Notice of Removal seeking to remove a state court criminal action to this Court on the basis of alleged denial of due process and violation of Constitutional rights. Although filed in the name of Plaintiff Whynot, the Notice identifies Whynot as an intellectually challenged person pursuant to Florida Statute § 393.063(24), and the action is being brought by Judith Cox ("Cox") who is Whynot's grandmother.[1] She names Taylor Hatch ("Defendant" or "Hatch"), the Director of the Agency for Persons with Disabilities ("APD"). as Defendant.

In the petition, Cox claims that Whynot has never been provided copies of orders of dismissal from her criminal proceeding or the orders were provided untimely such that she was unable to appeal. She seeks to remove that action to this Court in order to enforce her due process rights. In addition, Plaintiff claims constitutional violations in connection with her placement in a group home. She asserts that Defendant Hatch continues to function in a manner that is in the interests of the APD and contrary to the interests of Whynot. Plaintiff has also filed a motion seeking to proceed in federal court without prepaying costs and fees. Doc. 2.

On October 25, 2023, after conducting a review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915, the Magistrate Judge entered a report and

---

[1] Whynot has a St. Petersburg, Florida address. Cox has a Tennessee address. It does not appear from the filing that Cox is a lawyer, nor is it clear whether Cox has been appointed Whynot's legal guardian.

recommendation recommending that the action be remanded to state court in accordance with 28 U.S.C. § 1455 because Plaintiff failed to establish the Court's removal jurisdiction of her criminal prosecution pursuant to § 1443. Doc. 6. The Magistrate Judge found the removal notice to be deficient because it was filed far beyond the 30-day time limit, and in any event, Plaintiff's own pleading states the charges were dismissed and thus there would be no pending action to be removed. Further, the Magistrate Judge held that Plaintiff's Notice fails to satisfy the requirements for removal in that she fails to state in terms of racial equality the federal right she seeks to vindicate. Although the notice removal references Whynot's status as a "vulnerable adult" with "intellectual disabilities," she does not raise race-based discrimination. *See Georgia v. Rachel*, 384 U.S. 780, 792 (1966) (holding that to establish removal jurisdiction under 28 U.S.C. § 1443(1), a plaintiff must show that the right upon which she relies arises under a federal law providing for specific civil rights stated in terms of racial equality and that she cannot enforce that right in state court).

On December 19, 2023, Plaintiff filed Objections to the Magistrate Judge's report and recommendation. In her Objections, Plaintiff argues that her criminal defense counsel has failed to provide Whynot with information regarding whether the criminal charges remain pending against Whynot and that based on representations of the State of Florida at a hearing held in November 2023, the charges remain. Plaintiff acknowledges she does not know the proper statute under which to bring her petition but submits that the Court can rename her pleading to fit what is the appropriate standard to properly invoke the Court's jurisdiction.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. The district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify, in whole or in part, the Report and Recommendation. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id*. The objections to a magistrate judge's recommendation and report must be "specific" and "clear enough to permit the district court to effectively review the magistrate judge's ruling." *Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019).

## III. DISCUSSION

As stated above, a party's objections to a magistrate judge's report and recommendation must be "specific" and "clear enough to permit the district court to effectively review the magistrate judge's ruling." Plaintiff fails to specifically articulate any factual or legal error in the Magistrate Judge's findings and thus her objections are due to be overruled. Rather, she contends that she does not know the proper statute under which to remove her criminal proceedings and basically requests this Court to figure it out for her.

The procedure for removal of state court criminal prosecutions to federal court is governed by 28 U.S.C. § 1455, which provides in pertinent part:

> A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C.A. § 1455(a). Critically, a notice of removal of a criminal prosecution "shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." Plaintiff references Pinellas County Circuit Court Case No. 20-01816-CF in her pleadings. *See* Doc. 9 at 1. The criminal case she seeks to remove is four years old. Her removal is untimely, and she fails to show good cause why it was not sought earlier. Additionally, Plaintiff fails to attach any process, pleadings and orders from the state court action. The Court recognizes Plaintiff is arguing she has not received orders of dismissal, but she attaches nothing to the notice of removal to assist the Court in ascertaining whether jurisdiction exists in the first instance. Where a notice of removal is deficient, the district court should promptly remand the action. 28 U.S.C. § 1455(b)(4).

"Federal courts are courts of limited jurisdiction." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). And the bases for federal courts' subject matter jurisdiction are confined, as federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the

5

Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Relevant here, 28 U.S.C. § 1443 provides that any of the following state court criminal prosecutions may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. As explained by the Supreme Court in *Johnson v. Mississippi*, 421 U.S. 213 (1975), "a removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' *Georgia v. Rachel*, 384 U.S. at 792. Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." Johnson, 421 U.S. at 219.

"Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.' This provision normally requires that the 'denial be manifest in a formal expression of state law,' *Rachel*, 384 U.S. at 803, such as a state legislative or

constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Johnson*, 421 U.S. at 219 (quoting *Rachel*, 384 U.S. at 799).

Here, on the one hand, Whynot complains her criminal case is still pending but should have been dismissed due to her intellectual disability. On the other hand, she argues she has not been timely provided copies of orders of dismissal of her criminal proceedings. Procedurally, she fails to show good cause for the untimely removal. Substantively, she has not identified that the denial of her rights arises under a federal law "providing for specific civil rights stated in terms of racial equality." *See Rachel*, 384 U.S. at 792. Nor has she established that she cannot enforce her rights in the state court. Because removal is deficient, this action is due to be remanded. *See* 28 U.S.C. § 1455(b)(4).

Accordingly, it is hereby

**ORDERED:**

(1)   Plaintiff's Objections (Doc. 9) are overruled.

(2)   The Report and Recommendation of the Magistrate Judge (Doc. 6) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

(3)   Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. 2) is **DENIED**.

(4)   This action is **REMANDED** to the Sixth Judicial Circuit in and for Pinellas County, State of Florida.

(5)     The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Sixth Judicial Circuit Court, in and for Pinellas County, Florida.

(6)     The Clerk is further directed to terminate all pending motions and deadlines and **CLOSE** this file.

**DONE** and **ORDERED** in Tampa, Florida on March 7, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
The Honorable Julie S. Sneed
Counsel of Record
Unrepresented Parties